[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14542
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00014-CB-C-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LETRENTON NAPOLEON NICKLES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 8, 2016)

Before TJOFLAT, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Letrenton Nickles appeals his 264-month sentence, challenging the district court's ruling that he was a career offender under the sentencing guidelines. He also contends that the residual clause of the career offender guideline is unconstitutionally vague. After review of the record and the parties' briefs, we affirm.

Mr. Nickles plead guilty to three counts: carjacking, in violation of 18 U.S.C. § 2119 (count one); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count three). Based on the career offender guideline, his advisory sentencing range was 161–180 months' imprisonment. *See generally* U.S.S.G. § § 4B1.1, 4B1.2. The district court sentenced Mr. Nickles to 180 months in prison, the top end of the advisory guideline range. The district court also imposed a mandatory consecutive term of 84 months for count two under § 924(c)(1)(A)(ii). Mr. Nickles' total prison sentence was 264 months.

On appeal, Mr. Nickles first argues that neither his prior Alabama manslaughter conviction nor his federal carjacking offense constitute crimes of violence under the "force" clause of § 4B1.2. Mr. Nickles acknowledges that he did not raise this argument in the district court, so we review it for plain error. *See* Appellant's Br. at 8.

2

We need not decide whether Mr. Nickles' assertion of procedural sentencing error under the advisory guidelines is correct. The district court stated that, even if it had mistakenly found Mr. Nickles to be a career offender, it would have still imposed the same 264-month sentence. D.E. 67 at 25. *See United States v. Keene*, 470 F.3d 1347, 1349-50 (11th Cir. 2006) (holding that because defendant's sentence was reasonable in light of his prior convictions, and because the district court stated that it would have imposed the same sentence even if it had misapplied the sentencing guidelines, it would make no sense to set aside the sentence and remand the case back to the district court). Because Mr. Nickles does not challenge the substantive reasonableness of his sentence, there is no reversible error. *See, e.g.*, *United States v. Dean*, 517 F.3d 1224, 1232 (11th Cir. 2008); *United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006).

Mr. Nickles' other argument—that the residual clause of the career offender guideline is unconstitutionally vague—is foreclosed by circuit precedent. In *United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th Cir. 2015), we held that the vagueness principle articulated in *Johnson v. United States*, 135 S.Ct. 2551 (2015), does not apply to the advisory guidelines.

We affirm Mr. Nickles' sentence.

**AFFIRMED**